UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-709 GHK (Ex) | | Date | June 3, 2008 |
| --- | --- | --- | --- | --- |
| Title | *Sang Koo Kim v. U.S. Bank* | | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
| --- | --- |

| Beatrice Herrera | N/A | N/A |
| --- | --- | --- |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| None | None |

**Proceedings:**     (In Chambers) Order re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint

        This matter is before the Court on Defendant U.S. Bank's ("Defendant") Motion to Dismiss First Amended Complaint Pursuant to Rules 12(b)(1), (b)(3), and (b)(6) ("Motion"). We have considered the papers filed in support of this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15.

**I.     Motion to Dismiss Standard**

**A.     Lack of Subject Matter Jurisdiction**

        A complaint in a federal action must contain a "short and plain" statement of the grounds upon which the court's subject matter jurisdiction depends. Fed. R. Civ. P. 8(a). A motion to dismiss under Rule 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). We are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation marks omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

        When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to plaintiff's allegations. *Thornhill Publ'g Co.*, 594 F.2d at 733. We are "not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). Once the moving party makes a factual attack on jurisdiction by submitting affidavits or any other evidence properly before the court, the opposing party must then submit affidavits or any other evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-709 GHK (Ex) | Date | June 3, 2008 |
|---|---|---|---|
| Title | *Sang Koo Kim v. U.S. Bank* | | |

necessary to satisfy its burden of establishing subject matter jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004).  The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Thornhill Publ'g Co.*, 594 F.2d at 733.

### B.      Improper Venue

In considering a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citation omitted).  However, we "must draw all reasonable inferences ... and resolve all factual conflicts in favor of the non-moving party."  *Murphy v. Schneider Nat'l. Inc.*, 362 F.3d 1133, 1138 (9th Cir.2004).

### C.      Failure to State a Claim

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept the allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  However, we need not accept as true conclusory allegations or legal characterizations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993).  Claims should be dismissed only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Further, if dismissal is warranted, leave to amend should be granted, even if the plaintiff does not request it, unless the court "determines that the pleading could not possibly be cured by the allegation of other facts."  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II.     Discussion

On March 24, 2008, we granted Defendant's Motion to Dismiss Plaintiff's Complaint, but gave Plaintiff leave to amend.  Our Order stated that the Complaint failed to provide a "short and plain" statement of the grounds upon which federal jurisdiction exists and that all of the relevant events appear to have occurred in Oregon.  Therefore, we ordered Plaintiff's First Amended Complaint ("FAC") to specifically state why we have subject matter jurisdiction and why venue is proper in this district.

Additionally, we stated that Plaintiff's Complaint is "unintelligible and we are unable to determine the nature of his claims and the factual basis supporting those claims."  We stated that Plaintiff's Complaint "appears to allege facts relating to his ex-wife, a loan, a motel in Oregon, a judgment, and a restraining order."  We told Plaintiff this was insufficient and cautioned him that the FAC must be sufficiently intelligible for Defendant to reasonably be put on notice as to what Plaintiff's claims are and how to respond to the allegations of the FAC and state a defense.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-709 GHK (Ex) | Date | June 3, 2008 |
|---|---|---|---|
| Title | *Sang Koo Kim v. U.S. Bank* | | |

Plaintiff timely filed an FAC.  Defendant now moves to dismiss the FAC pursuant to Rules 12(b)(1), (b)(3), and (b)(6) on grounds that the FAC fails to allege facts establishing subject matter jurisdiction or venue, and the pleading is vague, ambiguous and unintelligible such that Defendant cannot ascertain what claims Plaintiff is asserting against it.  Plaintiff has not filed an Opposition to Defendant's Motion.

### A.    Plaintiff's Non-Opposition to Defendant's Motion to Dismiss

The deadline for a timely Opposition to this Motion has passed, and Plaintiff has failed to file an Opposition.  *See* L.R. 7-9.

Local Rule 7-12 provides:

> **Failure to File Required Papers** . The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule.  The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

Thus, pursuant to L.R. 7-12, Plaintiff's failure to file an Opposition is deemed his non-opposition to Defendant's Motion and his consent to the granting of the relief sought.  As such, Defendant's Motion is **GRANTED**.  However, we have also considered the arguments contained in Defendant's moving papers and conclude that they also support granting the Motion.

### B.    Subject Matter Jurisdiction and Venue

Plaintiff's FAC does not contain a "short and plain" statement of the grounds upon which federal jurisdiction exists, as required by Rule 8(a) and our March 24 Order.  Rather, Plaintiff's FAC contains a section called "Answer" to the "Question: Why this court has subject matter jurisdiction over this action and why venue is proper in this district?"  The "Answer" section provides various allegations relating to a Small Business Association ("SBA") loan obtained by Plaintiff and a U.S. Bank construction loan provided by Defendant to Plaintiff's ex-wife in connection with a motel in Oregon.

In these allegations, Plaintiff states that "SBA loan is U.S. government money and protected by U.S. District Court."  He later states that the motel's legal owner is "U.S. Bank, not ex-wife Hun Sook, Kim, in consideration with ex-wife,  But S.B.A. loan of $189,500 existed before U.S. Bank loan of $1.3 million.  So, U.S. government is legal owner before U.S. Bank as legal owner of City Center Motel.  U.S. government property is protected by U.S. District Court."

It is unclear what basis for jurisdiction Plaintiff is asserting.  Insofar as we can discern, Plaintiff *appears* to believe that because SBA loans are provided by the government and the SBA loan existed before the U.S. Bank loan, the government is the true owner of the property, such that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-709 GHK (Ex) | Date | June 3, 2008 |
|---|---|---|---|
| Title | *Sang Koo Kim v. U.S. Bank* | | |

the motel is government property, which he then states is "protected by U.S. District Court." Assuming this is Plaintiff's argument, it is an insufficient basis for jurisdiction. As alleged, Plaintiff's FAC contains no "short and plain" statement of jurisdiction and, on the facts alleged, we are unable to see any basis for this court's jurisdiction. As such, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**. Because we determine that the FAC fails to establish jurisdiction over this matter, we need not reach the issue of whether venue is proper.

**C.      Failure to State A Claim**

Even if we somehow have subject matter jurisdiction, we would alternatively grant Defendant's Motion to Dismiss for failure to state a claim. Plaintiff's FAC is largely unintelligible and it is unclear what the factual or legal basis is for this action. Insofar as we are able to decipher Plaintiff's FAC, he appears to argue as follows: Plaintiff owned a motel in Oregon on which he took out an SBA loan. A document attached to Plaintiff's FAC entitled "Bargain and Sale Deed," shows that Plaintiff conveyed the motel to his ex-wife on October 28, 1998. Plaintiff and his ex-wife signed a divorce agreement in which she agreed that if she sold the motel she would pay off Plaintiff's S.B.A. loan and credit cards. In alleged breach of the divorce agreement, Plaintiff's ex-wife obtained a loan from U.S. Bank on the motel property. Plaintiff states that "U.S. Bank gave the wrong loan to the wrong person, cause and effect, plaintiff lost his S.B.A. loan and his possessory right of City Center Motel."

It is unclear to us how the U.S. Bank loan could lead to the loss of Plaintiff's SBA loan or his possessory right in the motel. Moreover, Plaintiff later alleges that it was actually the restraining order his wife obtained against him that led to the loss of the loan and the motel. He states: "By plaintiff's ex-wife's restraining order, plaintiff lost his S.B.A. loan of $189,5000 and his possessory right of City Center Motel." Thus, Plaintiff appears to be seeking relief against the bank for the alleged actions of his ex-wife. This is further supported by Plaintiff's statement that "[i]f there is no existence of U.S. Bank loan, plaintiff is seeking legal reimbursement from ex-wife. . .Unfortunately, U.S. Bank already provided to plaintiff's ex-wife. . .$1.3 million without plaintiff. This is reason that plaintiff's legal reimbursement is based to U.S. Bank." Thus, Plaintiff appears to be asserting that his wife owes him some kind of legal reimbursement (possibly based on a breach of the divorce agreement) and that because U.S. Bank gave her a loan, he now has to go after the bank to get the money instead.

If we are correct about the meaning of Plaintiff's allegations, he has failed to state a claim against U.S. Bank. He has not alleged that he has any relationship with U.S. Bank, contractual or otherwise. Moreover, the "Bargain and Sale Deed," shows that Plaintiff conveyed the motel to his wife on October 28, 1998. Thus, Plaintiff's ex-wife owned the motel at the time that U.S. Bank provided her with the loan. At most, Plaintiff is asserting that the U.S. Bank loan was in contravention of the divorce agreement, to which Defendant was clearly not a party. As such, there is no theory of liability upon which Plaintiff could assert against Defendant with respect to the U.S. Bank loan. To the extent that we are able to understand Plaintiff's allegations, it appears that he is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-709 GHK (Ex) | | Date | June 3, 2008 |
|---|---|---|---|---|
| Title | *Sang Koo Kim v. U.S. Bank* | | | |

incapable of stating a claim against Defendant.  Therefore, Defendant's Motion to Dismiss for unintelligibility and failure to state a claim is **GRANTED**, without further leave to amend.  It is now clear that this pleading could not possibly be cured by any further amendment.

//
//

**III.     Conclusion**

In light of the foregoing discussion, Defendant's Motion to Dismiss Pursuant to Rule 12(b) is hereby **GRANTED**, and this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction, or in the alternative, dismissal with prejudice for failure to state a claim.

**IT IS SO ORDERED.**

                                                                                          :

                                             Initials of Deputy Clerk     AB for Bea